# HAYS, Appellant, v. WABASH RAILROAD COMPANY, Respondent.

### St. Louis Court of Appeals, May 8, 1906.

1. **PHYSICIANS: Agency: Emergency Call.** Where the local surgeon of a railroad company rendered services to an injured passenger on an emergency call made by the conductor of the railroad company, and where the employees and the surgeon were furnished a book of rules which provided in such cases that the surgeon should be summoned as quickly as possible, the physician could recover from the railroad company for services in taking immediate charge of the patient and treating him for a reasonable time until the general claim agent of the railroad company could be notified.

2. ——: ——: ——. But where it was shown that it was the duty of the surgeon to report the case to the general claim agent and he failed to make such report, though furnished with blanks for the purpose, he could not recover for services rendered after a reasonable time to make such report, in the absence of any further authority than the emergency call.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*Schofield & Plowman* for appellant.

(1) The contention of appellant is that the court erred in giving the instruction in the nature to a demurrer to the evidence at the close of the whole case. The universal rule is that if there is any evidence, however slight, and whether direct or inferential, it must go to the jury who are the exclusive judges of its weight and sufficiency. Chamberlain v. Smith, 1 Mo. 482; Baum v. Fryrear, 85 Mo. 151; Taylor v. Short, 38 Mo. App. 21; Ripley v. Friede, 26 Mo. 523. (2) It is error to peremptorily instruct the jury if either party is entitled to go to the jury on any theory arising from the evidence. Kuhl v. Meyer, 42 Mo. App. 474.

*Geo. S. Grover, Geo. A. Mahan* and *A. R. Smith* for respondent.

(1)  The appellant did not introduce any evidence showing that he was entitled to recover against the respondent. It was the plain duty of the court to instruct the jury to find a verdict for the respondent. Tucker v. Railway, 54 Mo. 177; Brown v. Railway, 67 Mo. 122; Mayberry v. Railway, 75 Mo. 492.  (2)  Appellant undertook the duties of local surgeon under an express contract, and well understood that before he was entitled to pay for services in treating an injured passenger he must first be authorized to do so by the general claim agent of respondent. Appellant cannot abandon this express contract and recover on an implied contract. Crapson v. Wallace Bros., 71 Mo. App. 682; Meyer v. Christopher, 176 Mo. 580, 75 S. W. 750.  (3)  Even if the appellant had the legal right to abandon his express contract and sue on an implied contract, there is not a particle of evidence in this case which would permit a recovery by him. Meisenbach v. Southern Cooperage Co., 45 Mo. App. 232; Jesserich v. Walruff, 51 Mo. App. 270; Rankin v. Beale, 68 Mo. App. 325.

STATEMENT.— The suit is to recover for the value of services rendered by plaintiff, as a physician and surgeon, in the treatment of one Arthur L. Saint, who was injured while a passenger on one of defendant's trains. There is no dispute as to the value of the services ($300.-50).  The defense interposed is that the services were not rendered at the instance and request of the defendant or under any contract with it.  The plaintiff is a practicing physician at Hannibal, Missouri, and at the times his services were rendered was the local surgeon of the defendant, and also local surgeon for the Wabash Hospital Association, an association composed of and supported by the employees of the Wabash Railroad Company.  The Association maintained a hospital at

Hannibal. Defendant has a book of rules prescribing the duties of its employees in cases of injury to them and to passengers, which it distributes to its employees. Plaintiff was in possession of one of these books. The rules in respect to injured employees are not relevant to any issue in this case, and though set forth in the transcript will not be noticed here. Concerning passengers injured, section 8 of the rules is as follows:

"In cases of wrecks or accidents where a number of persons, either passengers or employees, are injured and require immediate attention, summon at once the nearest competent surgeon; summon at the same time whichever local surgeon can be gotten to the scene of the accident most quickly, and notify by wire at once the nearest hospital and the chief officers of the road, giving full particulars as to the names and whereabouts of the injured persons, the name of the surgeon in attendance and stating what further action is required for the relief of the injured."

On October 17, 1903, the conductor of the train on which Saint was injured telegraphed plaintiff, informing him of the injury and asking him to meet the train at Hannibal and take charge of Saint. On the arrival of the train at Hannibal, plaintiff, in response to the telegram, was at the depot and found Saint dangerously injured, with a broken back and paralyzed from the waist down. Plaintiff had Saint removed to the Levering Hospital, the hospital of the Wabash Employees' Association, where he operated upon him and continued to treat him until the first day of January following, when plaintiff was discharged from his employment by the defendant company. Plaintiff reported the case to Dr. Moorehouse, of Danville, Illinois, chief surgeon of the Wabash Hospital Association, and local surgeon of the defendant company, but did not report it to defendant's chief claim agent.

Plaintiff testified that as local surgeon he had done

business with V. T. O'Donnell and Harry Austin, claim agents of the defendant, and that both of them appeared at Hannibal during the period he was treating Saint, for the purpose of getting a statement from Saint, and both asked him to accompany them to the hospital for that purpose; that about two weeks after Saint was injured, O'Donnell was at Hannibal and said to him (plaintiff), "We want you to cure this man (referring to Saint). We don't want any cripples on our hands."

B. C. Winston testified for the defendant, that he was the general claim agent of defendant, and both O'Donnell and Austin were his assistants, but that O'Donnell had no authority to employ surgeons for persons injured on defendant's road; that his agency did not include this character of losses but Austin's did. He testified that blanks were furnished all local surgeons, including plaintiff, upon which to make reports of person injured on the road, and upon receipt of these reports he determined whether or not the company would bear the expense of medical and surgical treatment for injured passengers, and that no local surgeon was authorized to treat an injured passenger at the expense of the company without the consent or direction of the proper claim agent; that no such direction had been given plaintiff in respect to treating Saint and that he (witness) had never heard of the plaintiff treating Saint until he learned of it through his attorney.

The evidence shows that the defendant paid Saint's hospital bill. On this evidence the court, at the instance of the defendant, instructed the jury that under the law and the evidence the plaintiff could not recover.

BLAND, P. J. (after stating the facts).—1. In meeting the train at the Hannibal depot, in response to the conductor's telegram, taking charge of Saint and removing him to the hospital and there treating him for such reasonable time as the defendant's claim agent

could have been notified of the case and his answer returned, the plaintiff acted strictly within the terms of section 8 of the book of rules, and, as he did not agree to render gratuitous services for the defendant, is clearly entitled to recover the reasonable value of his services rendered during such time.

2. Sections 11 and 3 of the book of rules read as follows:

"11.   The hospital, dispensary and local surgeons who have heretofore, or may hereafter be appointed by the chief surgeon of the hospital association to such positions in connection with the Hospital association, are hereby appointed local surgeons of this company for the care and treatment, under the rules hereinbefore established, of all passengers, citizens and non-employees who may be injured by this company's lines, and they should be summoned if possible in all such cases, and as such will be respected and assisted in the discharge of their professional duties, when called upon.

"3.   The company hereby donates to the hospital association the use of its telegraph and train service to facilitate the care and treatment of sick or injured employees, and, therefore, all persons in this company's service, and all others, are hereby notified that no bills for medical or surgical services, nursing, drugs or funeral expenses will be paid by the company, unless the same are first authorized by the general claim agent."

Section 3 is inapplicable to cases of injuries to passengers. It only refers to and includes the employees of the company, and the plaintiff, as local surgeon of the company, could only look to sections 8 and 11 for his authority to treat Saint and rely upon the company for compensation; and it is plain that under these rules he had authority, in the first instance, to treat Saint at the expense of the company, and the question arises when, if at all (before plaintiff's discharge as local surgeon) did his authority cease.   The uncontradicted evidence

is that it was his duty to report the case to the general claim agent of the company, and he failed to make such report though furnished with blanks for the purpose. The report to Dr. Moorehouse did not excuse his failure to report to the general claim agent, whose testimony is that he alone had authority, after receiving such report, to determine whether or not an injured passenger should be professionally treated by the company's surgeon. Plaintiff did not deny the existence of this rule or custom of the company, but sought to avoid its effect by evidence that O'Donnell and Austin visited Hannibal to investigate the facts of the injury, and O'Donnell made a personal request of him (plaintiff) to cure Saint. But it turned out that O'Donnell's agency did not include jurisdiction over personal injury cases, and for this reason the company is not bound by his personal request to plaintiff. It is not shown by the evidence that Austin, who had jurisdiction in personal injury cases, made any request whatever, or said anything to plaintiff about treating Saint. There is nothing in the evidence to show that the general claim agent waived the rule or custom of the company, in the Saint case, requiring that surgeons should make a report to him; in fact, the general claim agent testified that he never heard of the case until he heard of it through plaintiff's attorney. Under this evidence, it seems to us that plaintiff's recovery should be confined to services rendered in the circumstances stated in the first paragraph of this opinion. The judgment is reversed and the cause remanded. All concur.